UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

        v.                          CAUSE NO. 3:21-CV-418-RLM-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a complaint and a preliminary injunction motion. ECF 1 and 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Ybarra alleges that Warden Ron Neal ordered inmates at the Indiana State Prison who were physically unable to work to be confined to their cells without exercise or cleaning products in January 2021. He alleges he is unable to work and has been confined to his cell without exercise or cleaning products since January. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the

inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he duration of the condition . . . determines whether the conditions of confinement are unconstitutional." Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997).

An inmate's allegation of being held "without any meaningful chance to exercise" for six months stated a claim in Delaney v. DeTella, 256 F.3d 679, 684 (7th Cir. 2001). In Gray v. Hardy, 826 F.3d 1000, 1006 (7th Cir. 2016), the court held "[h]ygienic supplies sufficient to meet basic needs are constitutionally required . . .." Giving Mr. Ybarra the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the allegations in the complaint state a claim against Warden Neal in his individual capacity for monetary damages and against Warden Neal in his official capacity for injunctive relief.

The complaint also names four other defendants, but doesn't state a claim against any of them on which relief can be granted. The complaint alleges Josh Wallen and Mark Newkirk refuse to intervene and allow the grievance process to remedy his exercise and sanitation problems. Because Warden Neal allegedly ordered these conditions, Mr. Ybarra is alleging "Mr. Wallen and Mr. Newkirk "had no

discretion [and] only Warden [Neal] is a proper defendant." Delaney v. DeTella, 256 F.3d 679, 687 (7th Cir. 2001). The complaint names the Indiana Department of Correction, but it has Eleventh Amendment immunity. *See* Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). Last, the complaint names Wexford of Indiana, LLC, but makes no allegations about what it has done or not done. Therefore, these four defendants will be dismissed.

Mr. Ybarra's preliminary injunction motion asks the court to order that he be provided with constitutionally adequate exercise, sanitation, and medical care. ECF 2. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Mr. Ybarra has no chance of success as to a claim for medical care because the complaint doesn't allege a denial of medical treatment – nor could it. The motion alleges that Wexford is denying him medical care, but "unrelated claims against

3

different defendants belong in different suits . . ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Warden Neal in his official capacity will be required to respond to the preliminary injunction motion's request for constitutionally adequate exercise and sanitation.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed against Warden Ron Neal in his individual capacity for compensatory and punitive damages for ordering he be held in unsanitary conditions without any exercise since January 2021 in violation of the Eighth Amendment;

(2) GRANTS Mr. Ybarra leave to proceed against Warden Neal in his official capacity for permanent injunctive relief to obtain constitutionally adequate sanitation and exercise as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Josh Wallen, Mark Newkirk, Indiana Dept' of Corrections, and Wexford of Indiana LLC;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Neal at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 1), and the preliminary injunction motion (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to Warden Neal at the Indiana State Prison;

(7) ORDERS Warden Neal to file and serve a response to the preliminary injunction, as soon as possible but not later than **July 8, 2021** (with supporting documentation and declarations from other staff as necessary) describing/explaining how Mr. Ybarra is receiving constitutionally adequate exercise and sanitation; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT