UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

        v.                            CAUSE NO. 3:21-CV-418-RLM-MGG

RON NEAL and LEWIS

    Defendants.

## OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint alleging he was subjected to unconstitutional conditions of confinement at Indiana State Prison from January 21 to June 21, 2021. The court must review the merits of a prisoner's amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Ybarra alleges that Warden Ron Neal ordered inmates at the Indiana State Prison who were physically unable to work to be confined to their cells without exercise or cleaning products beginning January 21, 2021. He alleges he is unable to work and was confined alone in an unsanitary cell without exercise until June 21. He

alleges without details he suffered physical harm, mental deterioration, and extreme depression because of the five months he spent in these conditions.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). "[A] court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment." Rhodes v. Chapman, 452 U.S. 337, 362–363 (1981) (footnote, quotation marks, and citation omitted).

Without more, being in solitary confinement for five months doesn't state a claim on which relief can be granted. *See* Marion v. Columbia Correction Inst., 559 F.3d 693, 698 (7th Cir. 2009) (six months in segregation without due process did not state a claim). Merely being held without exercise for five months might not state a claim. *See* French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (total lack of exercise states a claim if it results in atrophy of the muscles). Merely being deprived of

2

cleaning supplies doesn't state a claim unless it results in being subjected to unsanitary conditions. *See* Gray v. Hardy, 826 F.3d 1000, 1006 (7th Cir. 2016) ("[h]ygienic supplies sufficient to meet basic needs are constitutionally required"). Giving Mr. Ybarra the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the combined allegations in the amended complaint state a claim against Warden Neal based on the totality of the circumstances alleged.

Mr. Ybarra alleges that Sgt. Lewis denied him a meal on February 1, 2021. Inmates are entitled to adequate food, Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009), but missing a single meal isn't unusual. There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. In Morris v. Kingston, 368 F. App'x 686 (7th Cir. 2010), the court considered a much more extreme case in which an inmate involuntarily missed 17 meals over 23 days. The court explained that "[t]o establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm." *Id*. at 688–689. The court concluded that the plaintiff in *Morris* hadn't "establish[ed] a constitutional violation because he ha[d] not shown that missing his meals … caused serious harm or lasting detriment." *See also* Freeman v. Berge, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45–pound weight loss would not support a claim without evidence of serious suffering or lasting harm). Mr. Ybarra's complaint does not mention any harm, much less severe harm, suffered by missing this single meal.

Mr. Ybarra alleges when his light went out on February 2, 2021, he told Sgt. Lewis, but the light wasn't replaced until February 18, 2021. As a result of the lack of light in his cell, he says it was dark. He hasn't plausibly alleged he was in total darkness or that suffered any injury as a result. As noted, for a condition of confinement to violate the constitution, it must result in a deprivation of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. at 834. Moreover, "the duration of the condition . . . determines whether the conditions of confinement are unconstitutional." Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997). The mere allegation that Mr. Ybarra didn't have a working light in his cell for a little more than two weeks doesn't state a claim on which relief can be granted.

Mr. Ybarra alleges Sgt. Lewis held him in a cell for five days without a working toilet or toilet paper while he suffered with food poisoning. He alleges Sgt. Lewis then moved him to another cell no working toilet where his shirt caught fire due to exposed electrical wires. These are allegations of extreme conditions which state a claim.

Mr. Ybarra alleges there was spoiled food on the range outside his cell for three months because Sgt. Lewis didn't have it cleaned. That condition would be unpleasant, "the Constitution does not mandate comfortable prisons . . .." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The complaint doesn't plausibly allege that Mr. Ybarra suffered any harm, much less a serious harm, as a result of these unpleasant conditions outside his cell.

Mr. Ybarra alleges he wasn't taken to the medical department for months. He doesn't say what treatment he needed nor who knew about his need. He says he was

seen by a nurse who came to his cell block. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care, Estelle v. Gamble, 429 U.S. 97, 104 (1976), but they are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

Mr. Ybarra alleges Sgt. Lewis didn't properly supervise others. There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

Finally, the complaint names Indiana Department of Correction as a defendant, but doesn't make any allegations against it in the body of the complaint. That alone is reason to dismiss I.D.O.C. as a defendant the Indiana Department of Correction is immune from suit for damages under the Eleventh Amendment. *See* Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001).

This order grants Mr. Ybarra leave to proceed against two defendants. Warden Ron Neal has already entered an appearance. The amended complaint was already served on his attorney as permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). This order will be sent to his attorney by the clerk. Sgt. Lewis is being added and will be served by the United States Marshals Service unless he waives service.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed against Warden Ron Neal in his individual capacity for compensatory and punitive damages for ordering he be held without exercise or cleaning supplies from January 21, 2021, to June 21, 2021, in violation of the Eighth Amendment;

(2) GRANTS Randy Russell Ybarra leave to proceed against Sgt. Lewis in his individual capacity for compensatory and punitive damages for leaving him in a cell for five days without a working toilet or toilet paper while he suffered with food poisoning before moving him to another cell without a working toilet where his shirt caught fire due to exposed electrical wires in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES I.D.O.C.;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Lewis at the Indiana Department of Correction, with a copy of this order, and the amended complaint (ECF 22);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Sgt. Lewis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 2, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT