UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

   Plaintiff,

  v.          CAUSE NO. 3:21-CV-418-RLM-MGG

RON NEAL and SGT. LEWIS,

   Defendants.

OPINION AND ORDER

  Randy Russell Ybarra, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden Ron Neal in his individual capacity for compensatory and punitive damages for ordering he be held without exercise or cleaning supplies from January 21, 2021, to June 21, 2021, in violation of the Eighth Amendment[.]" ECF 26 at 6. Second, he is proceeding "against Sgt. Lewis in his individual capacity for compensatory and punitive damages for leaving him in a cell for five days without a working toilet or toilet paper while he suffered with food poisoning before moving him to another cell without a working toilet where his shirt caught fire due to exposed electrical wires in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Ybarra didn't exhaust his administrative remedies before filing this lawsuit. Mr. Ybarra filed a response, and the defendants filed a reply. Mr. Ybarra then filed an authorized sur-response. The court gave the defendants until September 20 to file a sur-reply, but they haven't done so. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict

compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002).

The defendants argue that Mr. Ybarra didn't fully exhaust any grievance related to his claims in this lawsuit. The defendants provide an affidavit from the prison's Grievance Specialist, who attests that Mr. Ybarra "filed several formal grievances during the time period when his claims against Warden Neal and Sgt. Lewis allegedly arose" but "did not file the appeals that he was required to file after receiving responses to his grievances."[1] ECF 47-1 at 6. The defendants didn't specifically discuss or provide copies of any of Mr. Ybarra's grievance records.

With his sur-response, Mr. Ybarra provided evidence he fully exhausted two grievances. First, Mr. Ybarra provided evidence he fully exhausted Grievance 124286, in which he complained the warden had inappropriately placed his cellhouse on lockdown for an extended period of time. ECF 61-1 at 1-4. Second, Mr. Ybarra provided evidence he fully exhausted Grievance 123376, in which he complained that Sgt. Lewis had subjected him to unsanitary living conditions by forcing him to eat contaminated food, keeping him on lockdown when he developed food illness, and ignoring his health complaints. *Id.* at 5-12. Because the defendants haven't filed a sur-reply disputing any of this evidence, the court accepts it as undisputed.

---

[1] The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 47-2 at 3.

3

It's undisputed Mr. Ybarra fully exhausted Grievance 124286, which put the prison on notice regarding Mr. Ybarra's claim against Warden Neal. *See* Maddox v. Love, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). It's also undisputed Mr. Ybarra fully exhausted Grievance 123376, which put the prison on notice regarding Mr. Ybarra's claim against Sgt. Lewis. *See id.* Because Mr. Ybarra has provided undisputed evidence he exhausted both his claims in this lawsuit, the defendants haven't met their burden to show Mr. Ybarra didn't exhaust.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 47).

SO ORDERED on December 19, 2022

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT